IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUST RANALLI, | : | |
|     Petitioner, | : | 1:17-cv-1782 |
| | : | |
| v. | : | |
| | : | Hon. John E. Jones III |
| WARDEN BALTAZADR | : | |
|     Respondent. | : | |

## **MEMORANDUM**

### **March 29, 2019**

Petitioner August Ranalli ("Petitioner" or "Ranalli"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") currently serving a sentence of 144 months imprisonment for Conspiracy to Distribute 280 Grams of Cocaine Base, Cocaine and Heroin, and Distribution of 280 Grams of Cocaine Base, Cocaine and Heroin, imposed on March 16, 2016, in United States District Court for the Middle District of Pennsylvania Criminal Case 1:12-CR-310-01, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a *nunc pro tunc* designation so that he may receive federal credit while in "pre-trial detention." (Doc. 1; Doc. 1-1; Doc. 9-1, pp. 13-22).

The petition is ripe for disposition and, for the reasons set forth below, the Court will deny the petition.

## I. BACKGROUND

On July 11, 2011, Pennsylvania state officials paroled Ranalli from his three to six-year sentence of imprisonment for Drug, Manufacture/Sale/Deliver or Possess With Intent, imposed on August 6, 2007, in Court of Common Pleas of York County Docket No. CR-1997-2007. (Doc. 9-1, p. 1, ¶ 4; pp. 4-6). On November 29, 2012, Pennsylvania State Police arrested him on charges of Possession With Intent to Deliver a Controlled Substance in violation of his state parole. (*Id.*) He served his state parole violation term from November 29, 2012 through May 24, 2013, his maximum date. (*Id.* at p. 2, ¶¶ 6, 7). On May 24, 2013, state officials released him to federal custody pursuant to a federal detainer lodged on January 15, 2013, lodged as a result of drug charges pending in the United States District Court for the Middle District of Pennsylvania criminal case 1:12-CR-310-01. (*Id.* at p. 2, ¶¶ 6, 7, pp. 6, 13, 14).

After a finding of guilt at trial, on March 16, 2016, the United States District Court for the Middle District of Pennsylvania sentenced Ranalli to a term of 144 months of imprisonment, to be served concurrently to any parole revocation sentence imposed in York County Docket No. CR-1997-2007. (*Id.* at p. 2, ¶ 8, pp. 16-21). As part of that sentence, the BOP credited Ranalli with a prior custody credit of 1026 days which encompassed the date upon which he was taken into

federal custody pursuant to the federal detainer, May 25, 2013, to the day prior to the sentencing date, March 15, 2016. (*Id.* at p. 2, ¶ 11).

In his BOP administrative appeal, Ranalli set forth the following reason for appeal: "I am requesting that my time be credited from the date of November 28, 2012 as stated by the federal probation officer at my sentencing hearing. I was arrested on that date for this federal case and a federal detainer was lodged. The probation officer specifically stated that I should have credit from my arrest date." (Doc. 1-2, p. 3). In response, the BOP denied the appeal concluding that Ranalli's "federal sentence had been computed as directed by federal statute and [BOP] Program Statement 5880.28, Sentence Computation manual (CCCA of 1984)." (*Id.* at 2).

## II. **DISCUSSION**

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Ranalli states that he "was informed by the judge and the federal probation officer that [his] federal sentence would begin from November 29th 2012, the date of [his] arrest. On March 16, 2016 [he] was sentenced to a 144 month imprisonment, however the B.O.P. did not fully credit [him] for the time [he]

3

served prior to the imposition of [his] sentence." (Doc. 1-1, p. 1). He does not agree with the BOP's position that he could not receive credit for this time pursuant to program statement 5880.28 and 18 USC § 3585(b). (*Id.*) He seeks credit pursuant to 18 U.S.C. § 3621, and BOP Policy Statement 5160.05, "Designation of state institution for service of federal service," which allow the BOP to designate the state institution as a place of confinement to serve his federal sentence. (*Id.*). He requests an order directing the BOP to consider him for a *nunc pro tunc* designation. (Doc. 1, p. 8).

    A.    <u>18 U.S.C. § 3585</u>

Section 3585 provides:

(a) Commencement of sentence.– A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.– A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

4

18 U.S.C. § 3585. The BOP properly determined that Ranalli's federal sentence commenced on March 16, 2016, the date of imposition. *See* 18 U.S.C. § 3585(a). The BOP also properly granted him 1026 days of prior custody credit between May 25, 2013, the date he was transferred to federal custody, and March 15, 2016, the last day before the imposition of his federal sentence. *See* 18 U.S.C. § 3585(b). It appears that Ranalli has been afforded all credit due pursuant to 18 U.S.C. § 3585, and that no relief is warranted. The petition will be denied to the extent that Ranalli seeks relief pursuant to 18 U.S.C. § 3585.

    B. <u>18 U.S.C. § 3621(b)</u>

The issue of a *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b), appears unresolved at the administrative level. Under 18 U.S.C. § 3621, the BOP has the authority to *nunc pro tunc* designate the place of confinement for a prisoner's federal sentence. Prisoners are entitled to have their requests for *nunc pro tunc* designation examined by the BOP utilizing the factors listed in § 3621(b). *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990); *Harris v. Zickefoose*, 511 F. App'x 135, 137 (3d Cir. 2013). Notably, the BOP is afforded "wide discretion" in consideration of such an application. *Barden*, 921 F. 2d at 482-83).

There is no mention of, or reference to, a *nunc pro tunc* designation contained in the administrative appeal document Ranalli attached to his petition.

5

(Doc. 1-1, p. 3). Nor is the anything contained in the record before the Court that demonstrates that Ranalli applied for a *nunc pro tunc* designation or placed the BOP on notice of his intention to seek such a designation. (Doc. 1-2, p. 3). The issue is therefore prematurely before the Court. Therefore, this portion of the petition for writ of habeas corpus will denied without prejudice to Ranalli's right to seek a *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b) in accordance with applicable BOP administrative procedures.

## III.  CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied.

A separate Order will enter.