IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUST RANALLI, | : | |
| Petitioner, | : | 1:17-cv-1782 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN BALTAZADR | : | |
| Respondent. | : | |

# MEMORANDUM

## April 28, 2020

Petitioner August Ranalli ("Ranalli"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") currently serving a sentence of 144 months imprisonment for Conspiracy to Distribute 280 Grams of Cocaine Base, Cocaine and Heroin, and Distribution of 280 Grams of Cocaine Base, Cocaine and Heroin, imposed on March 16, 2016, in United States District Court for the Middle District of Pennsylvania Criminal Case 1:12-CR-310-01, files the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the BOP's prior custody computation pursuant to Program Statement 5880.28 and 18 U.S.C. § 3585(b) and seeking a *nunc pro tunc* designation so that he may receive federal credit while in "pre-trial detention."  (Doc. 1; Doc. 1-1; Doc. 9-1, pp. 13-22).

I.     PROCEDURAL BACKGROUND

On March 29, 2019, the Court issued a Memorandum and Order denying Ranalli's petition with respect to the request for credit pursuant to program

statement 5880.28 and 18 USC § 3585(b) on the merits, and denied without prejudice his request for a *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b) based on his failure to exhaust his administrative remedies.  (Docs. 12, 13).  Ranalli sought reconsideration.  (Doc. 14).

On March 11, 2020, the Court granted Ranalli's motion for reconsideration based on the BOP's representation that Petitioner had, in fact, exhausted his administrative remedies concerning the *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b) prior to commencing this action.  (Doc. 20, p. 1).  The Court also afforded Ranalli the opportunity to reply to Respondents' declaration of a Correctional Program Specialist at the Designation and Sentence Computation Center ("DSCC") indicating that, on January 22, 2020, he undertook review and audit of Petitioner's sentence.  (Doc. 20-1, p. 1, ¶¶ 1, 4).  (Doc. 21).  Ranalli filed his reply on April 13, 2020.  (Doc. 24).

For the reasons that follow, the Court will vacate the prior Memorandum and Order in its entirety and deny the petition.

**I.    BACKGROUND**

On July 11, 2011, Pennsylvania state officials paroled Ranalli from his three to six-year sentence of imprisonment for Drug, Manufacture/Sale/Deliver or Possess With Intent, imposed on August 6, 2007, in Court of Common Pleas of

York County Case Number CR-1997-2007. (Doc. 20-1, Declaration of Forest Kelly, Correctional Programs Specialist employed by the BOP at the Designation and Sentence Computation Center, ¶ 6; pp. 1, 2). On November 28, 2012, while on parole, he was arrested by the Pennsylvania State Police. (*Id.*). He faced both state and federal charges. (*Id.*). On November 29, 2012, the Pennsylvania Board of Probation and Parole ("PBPP") issued a warrant to commit and detain him for violating his parole. (*Id.*; Doc. 20-1, p. 12).

He was indicted in the United States District Court for the Middle District of Pennsylvania on December 12, 2012, of intentionally and knowingly possessing with intent to distribute and distribute 280 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1), which was followed by a superseding indictment. *See* electronic docket, 1:12-CR-310-01, https://ecf.pamd.circ3.dcn. At some point in 2013, the Commonwealth of Pennsylvania charged him with Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver in Court of Common Pleas of York County Case Number CP-67-CR-0004728-2013. (Doc. 9-1, p. 9).

On January 4, 2013, the PBPP recorded a "Notice of Board Decision" indicating that a decision was made to "Detain Pending Disposition of Criminal Charges. (Arrested 11/28/2012 by PA State Police)." (Doc. 20-1, p. 12). A Pennsylvania Department of Corrections Sentence Status Summary generated on

March 29, 2013, contains the remarks "Issued to report PVP status and USMS detainer. Held as state parole violator pending PBPP action, as per PBPP-141 Warrant # 610820120146, dated 11-29-2012. USMS detainer lodged on federal charge as indicated in section 5. No other change to previously-certified computation for PA-DOC sentence, except for PVP status." (*Id*. at 15).

Ultimately, on May 7, 2015, the state charges in Court of Common Pleas of York County Case Number CP-67-CR-0004728-2013, were *nol prossed* in favor of the federal prosecution. (Doc. 20-1, p. 2, n.1; Doc. 9-1, p. 10). Therefore, on May 24, 2013, the date on which the maximum sentence date applicable to the sentence imposed in Court of Common Pleas of York County Case Number CR-1997-2007 expired, state officials released him to federal custody pursuant to the federal detainer. (Doc. 9-1, p. 2, ¶¶ 6, 7, pp. 6, 13, 14; Doc. 20-1, ¶ 7; p. 1).

Following a bench trial, on April 20, 2015, Ranalli was found guilty of the federal charges. *See* electronic docket, 1:12-CR-310-01, https://ecf.pamd.circ3.dcn. On March 16, 2016, the Honorable Yvette Kane sentenced him to a term of 144 months of imprisonment, to be served concurrently to any parole revocation sentence imposed in Court of Common Pleas of York County Case Number CR-1997-2007. (*Id.* at p. 2, ¶ 8, pp. 16-21). The following exchange took place at the sentencing:

THE COURT: Okay. I have a question for you, Mr. Lord, before I turn to Mr. Consiglio on this. I want to be updated on the status of the parole revocation in York County. Is that still pending, and what is Mr. Ranalli's exposure there?

MR. LORD: I talked to Ben Kimmel. And I don't know how to spell his name. He and I spoke on the telephone, and I told him what Mr. Ranalli was looking at. And he said there were two things possibly. He could get up to 18 months, or it may end up that because he gets so much time, they're going to close the case out. He's inclined to think they'll close the case out if he gets the significant amount of time that we're talking about here, but he couldn't guarantee me anything. He said, I have to go to my superiors and make a decision. So at this point his green sheet, as they get from the SCI, says he's looking at 18 months. Will he get that? We don't know.

THE COURT: So some of the time that he has already served would be credited to York County, wouldn't it?

MR. LORD: No.

THE COURT: To the parole rev? No.

MR. LORD: Well, what happened was, he got arrested November 28 of 2012 on the York County charges.

THE COURT: Right.

MR. LORD: Then the federal government became the primary custodian after the state charges were *nolle prossed*. The state parole detainer wasn't filed until after Mr. Ranalli was convicted. It was filed in June of 2015. So the primary custodian is the federal government, number one, U.S. Marshal, Attorney General, but, number two, even though he's been in jail since November 28 of 2012, in that the York County case was dismissed, I don't know if he's going to get any credit.

THE COURT: Let us turn to the experts.

MR. LORD: Crystal Bard is the expert. Maybe she can –

PROBATION OFFICER: Your Honor, my thoughts would be that's all federal time. He's a federal prisoner. He was incarcerated on a related charge for a federal offense.

THE COURT: Okay.

PROBATION OFFICER: He has a detainer pending from state parole. They're holding him delinquent for control because his case did expire. So he would be a federal prisoner, and then depending on the outcome of everything else, he would eventually go to that detainer. But he should get credit from the time he's been in custody with us.

THE COURT: So I should anticipate that the Bureau of Prisons would give him credit from November 29th, 2012?

PROBATION OFFICER: That is my understanding based on how things have worked, yes. And he is our prisoner now, so this would all be federal time.

MR. LORD: The original indictment was December 12th, so from November 28 to December 12, I don't know what the Bureau of Prisons is going to do about that.

PROBATION OFFICER: The Bureau of Prisons will give him credit for the federal sentence, unless it's credited towards something else. But seeing that he'll be a federal prisoner first, they have first dibs at all credit time.

THE COURT: So the parole revocation would be stayed pending the sentence, or would there be an adjudication with a number to be served at the back end of the federal sentence?

MR. LORD: My understanding is that once he's sentenced here, they're going to make a decision.

THE COURT: Okay.

>MR. LORD: The conviction is the driving force behind the revocation. So they're going to make a decision about what to give him, up to 18 months, or if they're going to impose it at all.
>
>THE COURT: All right.
>
>MR. LORD: So, I'm sorry, Your Honor, we don't know what's going to happen. He may not get anything, he may get 18 months, he may get something in between.
>
>THE COURT: Okay. Well, normally the guidelines suggest that the sentence should be consecutive, so that's why I'm interested in what's out there.

(Doc. 20-1, pp. 82-85).  Judge Kane then imposed the following sentence:

>THE COURT: Counsel, having considered all of the 3553(a) factors, pursuant to the Sentencing Reform Act of 1984, it's the judgment of the court that the defendant, August Ranalli, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 144 months.  This sentence consists of a sentence of 144 months on each of Counts 1 and 2 to run concurrently with each other and concurrently to any state parole revocation sentence that's imposed in York County, Docket Number CR-1997-2007.

(*Id.* at pp. 92, 93).

The PBPP issued a "Notice of Board Decision" on June 6, 2016, referencing Ranalli's federal sentence and a decision to "Take No Further Action" on the convicted parole violator warrant.  (*Id.* at 13).

In computing Ranalli's sentence, the BOP credited him with a prior custody credit of 1026 days which encompassed the date on which he was taken into

7

federal custody pursuant to the federal detainer, May 25, 2013, to the day prior to the federal court sentencing date, March 15, 2016. (*Id.* at p. 2, ¶ 7).

## II. **DISCUSSION**

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Ranalli states that he "was informed by the judge and the federal probation officer that [his] federal sentence would begin from November 29th 2012, the date of [his] arrest. On March 16, 2016 [he] was sentenced to a 144 month imprisonment, however the B.O.P. did not fully credit [him] for the time [he] served prior to the imposition of [his] sentence." (Doc. 1-1, p. 1). He does not agree with the BOP's position that he could not receive credit for this time pursuant to program statement 5880.28 and 18 USC § 3585(b). (*Id.*). He seeks credit pursuant to 18 U.S.C. § 3621, and BOP Policy Statement 5160.05, "Designation of state institution for service of federal service," which allow the BOP to designate the state institution as a place of confinement to serve his federal sentence. (*Id.*).

    A.    <u>18 U.S.C. § 3585</u>

Section 3585, which governs prior custody credit, provides:

>  (a) Commencement of sentence.– A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
>  (b) Credit for prior custody.– A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>  that has not been credited against another sentence.

18 U.S.C. § 3585.

The record indicates that the conclusion reached by Ranalli's attorney and the United States Probation Office during the federal sentencing proceeding, that there was no parole detainer in place from the date of arrest until the date on which Ranalli's state sentence in Court of Common Pleas of York County Case Number CR-1997-2007 expired, is in error.

In cases where a parolee is charged with new charges for violation of the laws of the Commonwealth of Pennsylvania, the new charges constitute a 15–day automatic detainer on the parolee. 61 Pa. C.S. § 6138(b)(1)–(2). Once the 15–day period lapses, however, the automatic detainer dissolves and the decision of

whether to maintain or lift a detainer on the parolee is within the discretion of the Board. 61 Pa. C.S. § 6138(b)(2); 37 Pa. Code § 63.3 ("If the parolee violates the conditions of parole, at a time during his period on parole, the Board may cause his detention or return to a correctional institution."); *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 303 (Pa. 2003) ("where a parolee is arrested while on parole, the Board is permitted, at its discretion, to place a detainer against the parolee that will 'prevent the parolee from making bail pending the disposition of the new charges or other action of the court.' "); *Moss v. Pennsylvania Bd. of Prob. & Parole*, No. 356 M.D. 2017, 2018 WL 1936639, at *3 (Pa. Commw. Ct. Apr. 25, 2018). The record clearly indicates that Ranalli was held as a state parole violator pending PBPP action, as per PBPP-141 Warrant # 610820120146, dated 11-29-2012. ( Doc. 20-1, p. 15). Hence, from the date of arrest until the date his 2007 state court sentence expired, May 24, 2013, the state was the primary custodian pursuant to the PBPP detainer. The record further reflects that the United States Marshal's Service did not lodge its federal detainer until January 15, 2013.

    It is also obvious from the chronology that the PBPP detainer referred to at sentencing would have been the convicted parole violator warrant, a warrant that could not have been lodged until after his federal conviction.

Based on the foregoing, the Court concludes that the BOP properly granted him 1026 days of prior custody credit between May 25, 2013, the date he was transferred to federal custody, and March 15, 2016, the last day before the imposition of his federal sentence. *See* 18 U.S.C. § 3585(b). Ranalli has been afforded all credit due pursuant to 18 U.S.C. § 3585; no relief is warranted. The petition will be denied to the extent that Ranalli seeks relief pursuant to 18 U.S.C. § 3585.

    B.    <u>18 U.S.C. § 3621</u>

If the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence concurrently with any state sentence, the BOP will return custody of the inmate to the state, commence the federal sentence, and designate the state facility as the place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b). Under that provision, the BOP has discretion to retroactively designate a state prison to be the place of commencement of a federal sentence. *See also* BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. Specifically, the BOP designates the state correctional institution (the primary custodian) for service of the federal sentence. Such retroactive designation allows a federal sentence to run concurrently with a state sentence as of the date a prisoner

11

is sentenced by the federal court. In making this determination, the BOP is required to consider the following factors under 18 U.S.C. § 3621(b): (1) resources of the facility contemplated; (2) nature and circumstances of the offense; (3) history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990); *Harris v. Zickefoose*, 511 F. App'x 135, 137 (3d Cir. 2013). The BOP is afforded "wide discretion" in consideration of such an application. *Barden*, 921 F. 2d at 482-83).

Significantly, 18 U.S.C. § 3621(b) does not apply unless an inmate is in the primary custody of the state at the time of federal sentencing. When sentenced in federal court, Ranalli was in the primary custody of the BOP as his state court sentence had fully expired. Hence, the BOP did not abuse its discretion in denying his request for a *nunc pro tunc* designation.

### III.  CONCLUSION

For the reasons set forth above, the Court's March 29, 2019 Memorandum and Order (Docs. 12, 13) will be vacated in their entirety and the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied.

A separate Order will enter.